Brooks *v.* Delrymple.

---

## BROOKS *v.* DELRYMPLE.

In an action in a justice's court against defendant for falsely representing himself to have title to a piece of land, which plaintiff was induced to purchase of him, it was held, the title to the land must necessarily be drawn in question, and that the justice, therefore, had not jurisdiction of the case.

Where there are two issues—the general issue, and an issue on a special plea—and the jury find a verdict for plaintiff on the general issue, but rendered no verdict on the other issue, the judgment will not be reversed, if the verdict on the general issue negatives the special plea of defendant on which the other issue was joined, and the jury could not have found for plaintiff had defendant established his special plea.

Brooks *v.* Delrymple.

ERROR to Berrien Circuit Court.

*Bacon*, for plaintiff in error.

*Dana*, for defendant in error.

*By the court*, WHIPPLE, C. J. From an examination of the record, it appears that Dalrymple commenced a suit against Brooks, in the court below, to recover damages for an alleged fraud in procuring certain property and a promissory note.

The declaration contains three counts, differing somewhat in the statement of the manner in which the fraud was perpetrated, yet unquestionably relating to the same transaction. A brief statement of the first count will sufficiently indicate the character of the others.

It is alleged that the plaintiff was the owner of a piece of land containing about sixty acres, on which he had paid the taxes assessed thereon, according to law; that the defendant, well knowing that the plaintiff was unlettered, and unable to read or write, fraudently represented to him that he had a deed and valid tax title to the sixty acres of land—that he had been offered $300 for it, and that he would sell the land unless the plaintiff would give him $150; that the plaintiff, ignorant of the nature of tax titles and of the falsehood of the representations, and induced by the threatened loss of his land, paid to the defendant $85, or its equivalent, for his pretended tax title; that in fact the defendant had no just title or claim to the land, and the pretended deed was of no binding force or effect.

To the declaration, the defendant plead the general issue, and two special pleas. The first special plea alleged, in substance, that the plaintiff impleaded the defendant before a justice of the peace for the same cause of action mentioned in the plaintiff's declaration; that upon hearing the proofs and allegations of the parties, the justice adjudged, "that the said plaintiff should go thereof without day, and that the defendant recover against the said plaintiff $10 29, costs," &c. The other special plea differs from the first in this, that it is averred that the suit was commenced before the same justice, but that a jury was empanneled to try the issue, who returned a verdict of "no cause of action;" that thereupon the justice "determined and adjudged that the said plaintiff should go thereof without day, and that the defendant do recover his costs," &c. Appended to the pleas was a notice, embracing

Brooks *v.* Delrymple.

the same matters set out in the special pleas. To the special pleas, the plaintiff replied, in substance, as follows: " And the said plaintiff, as to the pleas by defendant *secondly* and *thirdly* above pleaded, says, the plaintiff did not implead the defendant &c. for the same identical caus: and causes of action," &c. " And the said plaintiff, as to the plea of the defendant by him *thirdly* above pleaded, and the matters, &c., says, that no verdict or judgment thereon was rendered in said justice's court," &c., and concludes with an issue to the country. The record further discloses that the plaintiff below, on the 10th October, 1844, filed with the court an amended replication, in substance as follows: " And the said plaintiff, as to the plea of the defendant by him *secondly* above pleaded, &c., says, *precludi non*, because, he says, that the judgment of the court before the justice of the peace, in that plea mentiond, was a judgment of nonsuit," &c., and concludes with a verification.

A verdict was rendered in favor of the plaintiff below, for less than $100 and costs of suit, to reverse which the writ of error in this cause is prosecuted. The errors assigned are: 1. That the verdict and judgment being for a less sum than $100, a judgment for costs should have been rendered in favor of Brooks. 2. That the jury rendered no verdict on the issues secondly and thirdly joined between the parties.

By the justices' act of 1841' (Sess. L. 1841, p. 81, sec. 1), original jurisdiction is conferred on justices of the peace in all civil actions wherein the debt or damages demanded do not exceed the sum of $100, excepting real actions, &c., and actions in which the title to real estate shall come in question. An examination of the record shows very conclusively that the title to real estate was involved. The fraud charged upon the defendant below, consisted in representing himself as having title to the land described in the declaration; upon this representation, the plaintiff below parted with his property, and executed the promissory note also set forth in the declaration. It was, therefore, incumbent on the plaintiff, upon the trial in the court below, to show the falsehood of the representation; to do this, he must necessarily have shown that the defendant had in fact no title to the land. It is clear, therefore, that the title of the defendant below to the land in question, must have been drawn in question, and that the justice of the peace had no jurisdiction of the case.

The second allegation of error must have been founded on a miscon-

ception of the state of the pleadings. The *second* plea was no answer to the declaration; it avers that judgment was rendered as in case of nonsuit, and was, therefore, no bar to a second suit for the same cause of action. The third plea avers that the jury returned a verdict of "no cause of action," and that thereupon judgment as in case of nonsuit was rendered. This last plea might be regarded as good, inasmuch as a verdict upon the merits, rendered by a jury before a justice, would have the same force and effect as a judgment rendered by a justice, when the merits are tried without the intervention of a jury. A verdict of "no cause of action," being sufficient, the words which follow may be rejected as surplusage. The replication is bad; but it is, perhaps, good enough for the pleas. The plaintiff, in his replication to the *second* and *third* pleas, avers that he did not implead the defendant for the same identical cause of action; and then, as to the third plea, says, that no verdict or judgment thereon was rendered in said justice's court. The plaintiff might well have disregarded the second plea, as it simply averred that a judgment of nonsuit was rendered against the plaintiff by the justice, which constituted no bar to another suit for the same cause of action. In respect to the *third* plea, the replication gives two answers: 1. That the plaintiff did not implead for the same identical cause of action. 2. That no verdict or judgment was rendered in the justice's court. Upon which of these propositions the plaintiff intended to rely, does not appear—the record is silent on the subject. The next feature in this masterly exhibition of special pleading, is to be found in the amended replication filed on the 10th October, 1844. How this paper got on the record, we are not advised; we are bound, however, to suppose it rightfully there—more especially as the defendant in error, in his *brief*, says, that by leave of the court, a new replication was filed. This replication purports to be an answer to the second plea, and avers that the judgment rendered before the justice was a judgment of nonsuit. In other words, the amended replication admits precisely what the plea states, to wit, that there was a judgment of nonsuit rendered before the justice. It is to be noticed, that this amended replication takes no notice whatever of the third plea, which plea, if true, constituted a bar to the action. Nor does it conclude with an issue to the country, but with a verification. To this replication there was no rejoinder, nor was any necessary, inasmuch as the replica-

tion purported to reply to the second plea, which was a mere nullity. Having sketched the somewhat remarkable history of the pleadings in this cause, we are now prepared to determine whether the second allegation of error is well founded. There is some doubt as to whether the amended replication was intended to supersede the first replication, or whether it was intended simply to remedy the difficulty apparent in the first replication—that difficulty consisting. in the fact that, in attempting to reply to the second plea, it purports to give a partial answer to the third plea. It seems to be a more sensible view of the question, to consider the amended replication as simply an answer to the second plea—leaving the replication to the third plea to stand. The issues, then, on the record to be tried, were: 1. The general issue. 2. The issue formed upon the matters contained in the defendant's third plea. The record shows a verdict for the plaintiff on the first issue, but is silent as respects the second. This objection will be decisive of the case, unless the finding of the jury on the plea of the general issue, negatives the special plea; if such be its legal effect, then the jury did, in effect, pass on the issue joined on that plea. It seems to me very clear that the jury could not have found for the plaintiff on the plea of the general issue, if the defendant had successfully established his special plea. A verdict *for the defendant on that plea*, would have authorized a court in directing a verdict for the defendant on the first plea, the general issue, for the obvious reason that such finding necessarily implied that the plea must have been supported, and, if supported, it constituted a perfect defence to the action; and the failure to find for the defendant on the first issue, would be mere matter of form. Thus, if in assumpsit there be a plea of non-assumpsit and payment, and a verdict for the plaintiff on the first issue, judgment may be entered for the plaintiff, although the plea of payment remain undecided: so a verdict for the defendant on the plea of *payment*, will be sufficient, although the record shows no finding on the plea of the general issue. If, in an action of replevin, there be a plea of *non cepit*, and property in the plaintiff, or a stranger, a verdict for the plaintiff on the first plea, would not be sufficient, for the reason that such a finding would not necessarily negative the other plea; there would, in such case, be no inconsistency in finding for the plaintiff on the first plea, and for the defendant on the other.

Upon the whole, there are errors enough apparent on the record, but none of so weighty a character as to authorize a reversal of the judgment.

*Judgment affirmed.*