## JOHN MATTESON v. GEORGE VAUGHN.

*Eviction—Limitation of actions on covenants of a deed.*

The statute of limitations runs against an action on the covenants of a deed, from the date of the deed, where the covenants are broken as soon as the deed is given; or where the grantor has no title.

Eviction means some change in the possession of the evicted party by the disturbance of an actual or constructive possession which has been displaced by a paramount title to which he has been compelled by law or by satisfactory proof of genuineness, to submit.

One cannot be evicted who has never had either actual or constructive possession.

When a grantee who has never had actual or constructive possession finds himself excluded from the enjoyment of the property, his substantial remedy is upon the covenants of seizin and against encumbrances.

If a grantee's possession is disturbed, he has a remedy for eviction.

A purchaser of land should always investigate the title before purchasing, and must do so when the land is adversely occupied.

Error to Ingham. Submitted Jan. 24. Decided Feb. 1.

ASSUMPSIT on the covenants of a deed. Plaintiff brings error.

*H. Geer* and *M. D. Chatterton* for plaintiff in error.

*M. V. & R. A. Montgomery* for defendant in error.

CAMPBELL, C. J. In this case suit was brought on the covenants of a warranty deed made by Vaughn to plaintiff June 13, 1853, of certain lands in Lapeer county, upon which, as it afterwards turned out, Vaughn had certain illegal tax-titles and nothing more. He had never been in possession, and Matteson never went into possession. The legal title had passed from the United States in 1838 to Rodney D. Hill; from Hill to Bostwick and Sterling in 1851; from Sterling and Bostwick's administrator to Adam Van Allen in 1855; from Van Allen to Stephen Clark in April, 1858, and from Clark to Hamilton Littlefield in November, 1865. The court found that the Bostwick title was not legally conveyed, so that Bostwick's heirs and Littlefield held each an undivided half.

Some time in 1868 or 1869, as Matteson testified, he was preparing to enter on the land and lumber on it (the land having always been vacant), but was informed by Littlefield that he was owner and would prosecute him if he did. A similar warning was given by Littlefield's agent, all the conversations taking place at the city of Lapeer, at a distance from the land.

The court below held the action on the covenants of seizin and against encumbrances barred by the statute of limitations, but allowed a recovery for Littlefield's eviction, as it was held to be of one undivided half, and allowed damages to the extent of half the consideration and interest from the date of the supposed eviction. Matteson brings error, claiming that none of the causes of action are barred, and that the damages should have included all the consideration, with interest from the date of the deed.

Some questions are raised by defendant in error concerning the sufficiency of the pleadings, but he has not

brought error, and the view we take of the case renders this matter unimportant.

As the covenants of seizin and against encumbrance were at once broken, the statute of limitations at once began to run against them, as against all other personal actions, and they were barred many years since. No reason has been suggested upon which they can be taken out of the statute, and we do not perceive how they can be without entirely disregarding its terms.

So far as the covenant of warranty is concerned, the situation is peculiar. Vaughn never had either title or possession. His void deeds could not draw possession after them by construction. The constructive possession, if anywhere, was in the grantees of the United States from the beginning. And, inasmuch as Matteson was never in possession actually or constructively, it is difficult to see what difference there is between his original and his present position. He is no more excluded now than he has always been. We do not comprehend how he can be said to have been evicted.

An eviction, according to all the best authorities, means some change in the possession of the party by the disturbance of an actual or constructive possession, which has been displaced by a paramount title to which the party has been compelled by law or by satisfactory proof of genuineness to submit. Some of the authorities hold that there can be no eviction of one who is not in actual possession. Others more liberally extend the rule to a constructive possession. But it would be going to an absurd length to hold that a person can be said to have been disturbed or evicted, when he has never had either kind of possession. As very well remarked by the Supreme Court of New York in *St. John v. Palmer*, 5 Hill, 599, "The mere fact of a superior title in a third person can never amount to a breach of the covenant of quiet enjoyment. The possession of the covenantee must be disturbed—he must be evicted—by the person having the better title."

In that case the plaintiffs were held to be in by constructive possession, and therefore capable of being ousted under a mortgage derived from the same source of title. But the necessity of some real or constructive possession was plainly asserted and recognized. The authorities are fully considered in Rawle on Covenants, chapter 7. The doctrine of the case in 5 Hill is quite as liberal as justice or good sense will warrant.

The substantial remedy in such cases as this, is on the covenants of seizin and those against encumbrance. If a party does not choose to investigate his title or enforce his possession within the period of limitation, he must take the consequences of his own neglect.

If land is vacant it is a very easy thing to assume possession, and possession may ripen into a good title, while if disturbed there is no doubt of the remedy for eviction. If land is occupied adversely, the policy of the law requires the purchaser to inquire into the possessor's title. And in all cases prudence and the usual course of business will dictate the propriety of some examination into the title. If a purchaser examines into neither title nor possession, and does not see fit to protect himself by proper covenants, it is his own fault.

As in our opinion the plaintiff in error has a larger judgment than he could lawfully obtain under the facts set out in the record, he has no cause of complaint, and we need not examine into the specific errors not above alluded to.

The judgment should be affirmed with costs.

The other Justices concurred.