GEORGE VAUGHN v. JOHN MATTESON.

*Eviction—Action for breach of covenant in deeds.*

Eviction is a disturbance of an actual or constructive possession;
    and if the grantee has never had such possession, his substan-
    tial remedy for exclusion from the premises is by an action on
    the covenants of the deed.    But the statute of limitations runs
    against the action from the delivery of the deed, if the grantor
    had no title when he gave it.

Error to Ingham. Submitted June 19. Decided Nov. 22.

ASSUMPSIT on covenant of quiet enjoyment in a deed
from Vaughn to Matteson, executed June 13, 1853, and
purporting to convey certain land in Lapeer county.    The
declaration averred that defendant, at the delivery of
the deed, was not seized in fee simple of the lands and
had no lawful authority to convey them, and that Henry
M. Bostwick and Erastus S. Sterling held the paramount
title, by virtue of which the plaintiff was afterwards
evicted.    Plaintiff recovered for eviction from a portion
of the premises, but as the court below held that his

action on the covenants of the deed was barred by the statute of limitations, he brought error. The Supreme Court held that he had recovered more than he was entitled to, and as he had no ground of complaint affirmed the judgment. Defendant Vaughn now brings error on the same judgment.

*M. V. & R. A. Montgomery* for plaintiff in error.

*M. D. Chatterton* and *H. Geer* for defendant in error. Possession by a third party, claiming under paramount title at the date of a deed of the premises, amounts to an eviction of the grantee and entitles him to an action for a breach of the covenant of quiet enjoyment, even though he never actually takes possession and though the grantor had no title, Rawle on Cov., (4th ed.) 154; *Murphy v. Price*, 48 Mo., 250; *Grist v. Hodges*, 3 Dev. N. C., 200; *Duvall v. Craig*, 2 Wheat., 61; *Park v. Bates*, 12 Vt., 38; *Clark v. Conroe*, 38 Vt., 475; *Rea v. Minkler*, 5 Lans., 196; *Russ v. Steele*, 40 Vt., 315; *Mitchell v. Warner*, 5 Conn., 521; *Moore v. Vail*, 17 Ill., 185; *Boyd v. Bartlett*, 36 Vt., 9; 2 Wait's Actions, 384; *Shattuck v. Lamb*, 65 N. Y., 499; *Brady v. Spurck*, 27 Ill., 479; *Claycomb v. Munger*, 51 Ill., 373; *Jones v. Warner*, 81 Ill., 343; *Caldwell v. Kirkpatrick*, 6 Ala., 60; *Banks v. Whitehead*, 7 Ala., 83; *Small v. Reeves*, 14 Ind., 164; *Noonan v. Lee*, 2 Black, 507; *Fowler v. Poling*, 6 Barb., 165; *Dennis v. Heath*, 11 Sm. & M., 206; *Witty v. Hightower*, 12 id., 478; inability to obtain possession amounts to eviction *Hamilton v. Cutts*, 4 Mass., 349; *Loomis v. Bedel*, 11 N. H., 74; *Beebe v. Swartwout*, 3 Gilm., 162; *Winslow v. McCall*, 32 Barb., 246.

PER CURIAM. This case is covered by the decision on a previous writ of error between the same parties. See *Matteson v. Vaughn*, 38 Mich., 373.

The judgment is reversed with costs and a new trial ordered.