CAMPBELL and SHERWOOD, JJ. concurred. COOLEY, C. J. did not sit.

———————————•◆•———————————

ISAAC S. SHERWOOD v. RUFUS W. LANDON AND BENJ. F. FISH.

*Assumpsit on covenant of seizin.*

1. A declaration on the covenants of a deed, and averring that plaintiff was evicted by the owners of a paramount title, is not supported by proof that the covenant was one of warranty against all persons claiming under the grantor.

2. The right of action on a covenant of seizin begins to run as soon as it

is broken, and it is broken when made if the grantor has no title.. And if the action is assumpsit it is barred in six years from the time the right of action accrued.

3. It is presumed in support of a ruling directing a verdict or the rejection of evidence, that the party who had offered the evidence did not suggest on its rejection, that he had any farther proof.

Error to Berrien. (A. J. Smith, J.) May 1.—June 10.

Assumpsit. Plaintiff brings error. Affirmed.

*Edward Bacon* for appellant.

*O. W. Coolidge* for appellee. A covenant of seizin is broken, if at all, at the time it is made: 3 Washb. R. P. 649 ; 4 Kent's Com. 47 ; 1 Sm. Lead. Cas. (5th Am. ed.) 174 ; 2 Wait's A. & D. 375 ; *Heath v. Whidden* 24 Me. 383 ; *Pierce v. Johnson* 4 Vt. 253 ; *Richardson v. Dorr* 5 Vt. 9 ; *Mitchell v. Warner* 5 Conn. 497 ; *Clark v. Swift* 3 Met. 390 ; *Lot v. Thomas* 2 N. J. L. 407 ; *Carter v. Denman* 3 Zab. 270 ; *Grist v. Hodges* 3 Dev. L. 200; *South v. Hoy* 3 T. B. Mon. 90; *Ross v. Turner* 2 Ark. 132 ; *Pillsbury v. Mitchell* 5 Wis. 21 ; *Bethell v. Bethell* 54 Ind. 428 ; *King v. Gilson* 32 Ill. 354 ; *Dale v. Shelby* 8 Kans. 276 ; *Salmon v. Vallejo* 41 Cal. 481 ; Rawle on Cov. 342 ; and an action for its breach will not lie after six years from that time : *Smith v. Lloyd* 29 Mich. 385.

Champlin, J. On the 27th day of July, 1871, the plaint-iff commenced suit in the circuit court for the county of Berrien by filing a declaration in a plea of trespass on the case upon promises as follows :

"For that the defendants, to wit, on the sixteenth day of July, one thousand eight hundred and sixty, to wit, at our said county of Berrien, by their deeds of that date duly executed, acknowledged and delivered, and herein now shown, in consideration of the sum of twenty-six hundred dollars paid to the defendants by said plaintiff, convey *into* the plaintiff the following-described real estate situated in said county, to wit: The northeast quarter of the southeast quarter of section nineteen, and the east half of the northwest quarter of section twenty, all in township four south, of range eighteen west, being in the township of Benton, in said county, to have and hold, unto the plaintiff, his heirs and assigns, forever ; and the defendants did therein, and by the said deed,

covenant, grant, bargain, and agree to and with the said plaintiff, his heirs and assignees, that at the time of the ensealing and delivery of said deed, they, the defendants, were well seized of the premises so conveyed; and that the said premises so conveyed in the quiet and peaceable possession of the said plaintiff, his heirs and assigns, against all and every person lawfully claiming or to claim the whole or any part of said premises from or under the said plaintiff, his heirs and assigns, the said defendant would forever warrant and defend. And the plaintiff avers at the time of the ensealing and delivery of said deed, the said defendants were not well seized of that part of the premises so conveyed, described as the east half of the northwest quarter of section twenty, nor hath the defendants warranted or defended said premises against all and every person lawfully claiming or to claim the whole or any part thereof from or under the plaintiff, his heirs and assigns; but on the contrary thereof, the plaintiff avers that at the time of the ensealing and delivery of said deed, as aforesaid, the paramount title and the freehold in the said premises so last described was in one William T. Cuyler, and in Geo. W. Cuyler, Anna B. Churchill and Catherine Reynolds, heirs at law of said William T. Cuyler, by virtue of which paramount title the plaintiff afterwards, to wit, on the first day of January, 1870, to wit, at said Benton, in said county, was evicted out and from said premises last described, by Warren Chapman and Chas. R. Brown, the grantees of said paramount title; and so the said defendants hath not kept their said covenants, but hath broken the same; and the plaintiff avers that the consideration so paid for that part of said premises so described as the east half of the northwest quarter of section twenty was, to wit, two thousand dollars; and that in consideration of the premises and of the breaches of the said covenants, to wit, at our said county, to wit, on the first day of January, 1870, the said defendants became indebted to the plaintiff in the said sum of two thousand dollars, and interest thereon, to wit, the sum of five hundred dollars, and in consideration thereof then and there promised to pay plaintiff said several sums, yet though requested have not done so, to the plaintiff's damage five thousand dollars.

Also for that, whereas, on the first day of August, 1870, at our said county of Berrien, the said defendants were indebted to the said plaintiff in the sum of three thousand dollars, for money before that time paid them for lands, and also in the sum of one hundred dollars, by plaintiff, paid, laid out, and expended in defending the title to said land, to wit, the

east half of the northwest quarter of said section twenty, in the circuit court for said county, and being so indebted, then and there promised said plaintiff to pay him said several sums of money, yet, though requested, hath not done so, to plaintiff's damage three thousand dollars; and therefore he brings suit."

On September 8, 1881, defendants pleaded the general issue, and gave notice thereunder that at the time of giving the deed they were not the owners in fee of said lands in their own right, but held the same in trust for one Calvin Brittain, and that plaintiff purchased the lands of Brittain, and well knew at that time that defendants only held the land in trust; that the consideration was paid to Brittain, and that defendants received no consideration for said deed or pretended covenants, and that the deed was made at the request of plaintiff and Brittain for the sole and only purpose of divesting the defendants of their apparent title, and not for the purpose of warranting such title. The suit was brought on for trial in July, 1875, before Hon. H. H. Coolidge, circuit judge, without a jury, who, at the June term, 1876, pronounced judgment in favor of defendants and against the plaintiff, in open court, which by the neglect of the clerk was not entered upon the journal, and afterwards, in 1879, upon a showing satisfactory to his honor, Andrew J. Smith, then circuit judge of the county, judgment was entered nunc pro tunc as of the June term, 1876. This judgment was, in October following, on motion, set aside by Judge Smith. The suit was again tried in March, 1883, which again resulted in a judgment for defendants.

It appears from the calendar entries in the cause, which are returned with the record, that a declaration was filed October 24, 1881. This, however, does not appear in the printed record before us. The record shows that in October, 1881, a new plea and notice was filed, which, after setting forth the matters stated in the former notice, also adds a notice of the statute of limitations. On the trial the plaintiff offered the deed in evidence, with the certificates of acknowledgment and of recording indorsed thereon.

The deed bears date the sixteenth day of July, 1860; it is executed by defendants and their wives, in their individual capacity, to the plaintiff as grantee. The covenants declared upon are in the following language:

"And the said parties of the first part, for themselves, their heirs, executors, and administrators, do covenant, grant, bargain, and agree to and with the said party of the second part, his heirs and assigns, that at the time of the ensealing and delivery of these presents they are well seized of the premises above conveyed; and that the above bargained premises in the quiet and peaceable possession of the said party of the second part, his heirs and assigns, against all and every person or persons, lawfully claiming, or to claim, the whole or any part thereof, from or under them, the said parties of the first part will forever warrant and defend."

The defendant's counsel objected to the introduction of the deed for the following reasons: (1) That no recovery can be had upon any of the covenants of the deed, because the action is barred by the statute of limitations; (2) there are no covenants in the deed to support the allegations in the declaration, and therefore it is irrelevant and immaterial. The court sustained the objections, and directed a verdict for the defendants.

The second objection is aimed at the covenant contained in the deed for quiet enjoyment and possession, which is qualified and limited to those claiming from or under the grantors. The declaration expressly avers that the plaintiff was evicted by the owners of a paramount title, and hence the covenant in the deed did not support the declaration.

The only question of importance is whether the statute of limitations has barred the plaintiff's right of action upon the covenant of seizin. The plaintiff claims that the statute does not begin to run until some real and substantial damage has been caused by breach of the covenant; that in this case the plaintiff was evicted in 1870, and the suit was commenced in 1871. On the other hand, it is claimed that the covenant of seizin was broken, if at all, when made, and that more than ten years having elapsed after the date of the deed

before suit brought, the right of action was barred. This is stating the time which must elapse after the right of action had accrued, and before suit, much more liberally than the form of the present action warrants. The declaration in this case is assumpsit and not covenant, and the action is barred by the lapse of six years. The question has been much discussed both here and in England, and much diversity of opinion exists as to the time [when] an action may be brought for breach of such covenant.

In this State, since the decision of *Matteson v. Vaughn* 38 Mich. 373, it is not an open question. The point was directly involved. Mr. Justice Campbell there says: " As the covenants of seizin and against encumbrances were at once broken, the statute of limitations at once began to run against them as against all other personal actions, and they were barred many years since. No reason has been suggested upon which they can be taken out of the statute, and we do not perceive how they can be without entirely disregarding its terms. * * * If a party does not choose to investigate his title or enforce his possession within the period of limitation, he must take the consequences of his own neglect." Some diligence is required of purchasers in ascertaining the state of their title, so far, at least, as they rely upon personal covenants, and it is presumed, if the plaintiff had investigated his title at any time within ten years from the date of the deed, he would have discovered the existence of the paramount title by which he was ousted, and could immediately have brought his action and recovered the purchase price.

The plaintiff's counsel also contends that the court erred in directing a verdict on the rejection of the deed; that he could not legally assume that no possible evidence could overcome the effect of the statute under either count of the declaration, or that no subsequent evidence could make the deed proper first evidence in any possible order of proofs to follow it. But it is not claimed that plaintiff's counsel offered or had any other proof of the kind now suggested. It is fair to the court to presume that he did not suggest any

other or further proof in support of his case. We perceive no error, and

The judgment is affirmed.

CAMPBELL and SHERWOOD, JJ. concurred. COOLEY, C. J. did not sit.