THE STATE, STEPHEN D. ELY, PROSECUTOR, v. MARY A. SCHANCK, DEFENDANT.

1. In an action of trespass, brought in the court for the trial of small causes, the defendant need, by formal plea and tender of bond, arrest the jurisdiction of the justice in those cases only in which, for his own acts, he seeks legal justification by the establishment of title in him-

self or in another, under whom he claims, in respect to the real property in controversy. In all other cases where the decision of a question of title becomes an essential feature of the plaintiff's case, the justice must dismiss the suit without requiring the statutory plea, notwithstanding the offered proof may have emanated from the defendant.

2. A justice of the peace may decide cases which involve the question of actual possession, but he has no jurisdiction in cases which rest upon the constructive possession which follows the title to lands.

On *certiorari* to the Court of Common Pleas.

Three actions of trespass were brought by the plaintiff below against the defendant in the court for the trial of small causes. Judgments having been given against the defendant in all three cases appeals were lodged in the Court of Common Pleas, where the judgments were in all things affirmed. These records have now been removed by *certiorari* into this court, where, as they are substantially similar, the decision of one will control all.

The trespass of the defendant consisted in his rowing and fishing upon the body of water which fed his mill and in his going on the bottom while the water of the pond was temporarily let off. The damages awarded were exclusively exemplary, no actual damage to person or property having been shown. The return of the Court of Common Pleas shows that, prior to April 1st, 1874, one William R. Norton owned as one property a farm and mill. The farm was conveyed to the plaintiff, the mill to the defendant.

The deeds of both the plaintiff and defendant were offered before the justice, and, by consent of both parties, received for all purposes for which they were legally competent.

Plaintiff's deed is for all the land owned by Norton excepting only the mill and a small curtilage which takes in only a few feet of the land under the water of the pond, in respect to which there is a reservation in these words: "It is expressly understood that the said Norton reserves the right of holding the water of the mill pond which is included in the above boundaries, to the usual full head and height thereof. This right and privilege is reserved to the said Norton, his

heirs and assigns forever; but if the pond shall become empty and kept dry for three years, then this water privilege shall cease."

The defendant's deed contained an express grant of this right of flowage.

The court below found that the plaintiff had actual possession of the farm and that the defendant was in possession of the mill property.

No plea of title was filed by the defendant.

Argued at June Term, 1889, before Justices REED, MAGIE and GARRISON.

For the prosecutor, *Carroll Robbins* and *Barker Gummere.*

For the defendant, *S. M. Schanck.*

The opinion of the court was delivered by

GARRISON, J.  From an examination of the return of the judges, which is very full, it is apparent that these cases were rested in the Court of Common Pleas upon the ground that the reservation in the deeds of the plaintiff, taken together with the grant thereof to the defendant, did not justify the latter, for any purpose not connected with his right of flowage, in entering upon the *locus in quo.*  The *locus* in question was the land covered by the pond which drove defendant's mill, the legal title to which, however, had passed to the plaintiff by her deed for the farm, subject to the defendant's easement of flowage.

Upon this branch of the case the plaintiff's contention in this court was, that, as the deed which conveyed to her the farm conveyed the bottom of the pond as well, her possession was co-extensive with her title, and that there was nothing in the easement disclosed by the deeds which gave to the defendant any right to go upon any part of the lands so conveyed to her.  It was also insisted that the defendant, by his failure to file a plea of title, and to tender the bond provided for by

the Small Cause act, had waived his right to challenge the jurisdiction of the justice, and consequently of the Court of Common Pleas to hear the case as presented.

Whatever confusion may have originally existed as to the correct construction of the clause of the Justices' Court act which requires the defendant in certain cases to plead title, none now exists. The case of *Messler* v. *Fleming*, 12 *Vroom* 108, places in the clearest light the distinction between those cases in which the justice should dismiss the case before him because a question of title arises, and those in which, notwithstanding an offer to prove title, the justice may proceed with the case unless the defendant interposes a plea of title in the manner prescribed by the act. By this case, and by the line of reasoning on which it rests, it is evident that the defendant need, by formal plea of title and tender of bond, arrest the jurisdiction of the justice in those cases only in which, for his own acts, he seeks legal justification by the establishment of title in himself or another, under whom he claims, in respect to the lands in controversy. In all other cases where the decision of a question of title becomes an essential feature in the plaintiff's case, the justice must dismiss · the suit without requiring the statutory plea, notwithstanding the offered proof, which thus ousts jurisdiction, may have emanated from the defendant. In these cases it is not the source of the testimony to which the law looks, but its effect upon the jurisdiction of the court. If the question of title must be met and passed upon in sustaining either the authority of the court to entertain the case or the plaintiff's right to maintain the action, it is an insuperable bar to jurisdiction; but if it comes into a case in other respects established for the purpose of affording a legal justification for the trespass complained of, it must either be pleaded or remain unnoticed, as the person who offers it shall elect. *Edgar* v. *Anness*, 18 *Vroom* 465.

In the case before us the deeds of plaintiff and defendant were by consent admitted for all purposes for which they were legally competent; one of those purposes would undoubtedly have been to justify the entry by defendant upon the lands

subject to his easement.   If it was his intention to interpose such a defence before the justice, it is evident that it falls within the class of cases which requires the plea of title prescribed by the statute, in default of which no attention need be given by the court to the defence otherwise arising.   No plea was offered ; hence, as a ground of justification to the defendant, the deeds are without significance.

It is, however, clear, that without the deeds there would have been no proof of plaintiff's possession.   The *locus in quo* was land under water.   There was proof before the justice of the actual possession by the plaintiff of her farm.   Apart, however, from the evidence contained in the deeds as to the community of title between the farm occupied by the plaintiff and the pond which fed the defendant's mill, there was, and, in the nature of the case, could be, no proof of actual possession of the land covered by the water.   The deeds, taken in connection with the proof of actual occupancy of the farm, carried the plaintiff into that constructive occupancy of the submerged land which her title cast upon her.   Eliminate from this case the information as to the title of these parties obtained from their deeds, and there is nothing to sustain a judgment which must rest upon proof of actual possession by the plaintiff of the *locus in quo*.   The proof of possession obtained by the introduction of the evidence of title is of a constructive possession only.   Indeed, I have not been able to see how the holder of the legal title to lands, situated as these are, can maintain an action for his possessory rights before a tribunal the limitation of whose jurisdiction bars the only method by which his title can be made effective upon his right of action.   There being no enclosure, there could be no occupancy that was not apparent.   The doctrine that entry upon a tract is co-extensive with its visible boundaries, halts the tenant's possession at the water's edge—it cannot carry it to the farther shore.   The uses to which adjacent waters may be put, while significant upon the question of aquatic rights, cannot be translated into acts of terre-tenancy—they lack that *pedis possessio* which is of the essence of actual possession.

In view of this state of affairs the question arises, What should the justice have done when it became evident that plaintiff's proof of possession rested upon the evidences of her title?

The rule in such cases is stated by Justice Depue, in *Jeffray* v. *Owen*, 12 *Vroom* 260, in these words: "If the plaintiff can maintain his right to sue in trespass by proof of actual possession, the action is cognizable in a justice's court; but if the possession is constructive merely, and can only be shown by the production of title, the justice has no jurisdiction." To the same effect are *Gregory* v. *Kanouse*, 6 *Halst.* 62; *Hill* v. *Carter*, 1 *Harr.* 87; *Canfield* v. *Johnson*, 1 *Zab.* 83; *Dickerson* v. *Wadsworth*, 4 *Vroom* 357; *Osborne* v. *Butcher*, 2 *Dutcher* 308; *Messler* v. *Fleming*, 12 *Vroom* 108; *Bloom* v. *Stenner*, 21 *Id.* 59; *Edgar* v. *Anness*, 18 *Id.* 465; *Hillman* v. *Stanger*, 20 *Id.* 191.

The cases of *Winter* v. *Peterson*, 4 *Zab.* 524, and *Van Doren* v. *Bellis*, 2 *Halst.* 137, are not to be deemed exceptions to this rule for the reasons given in *Messler* v. *Fleming, supra.*

It results, from these considerations, that the justice who heard the cause had before him a case which hinged upon proof of actual possession by the plaintiff of the *locus in quo;* that the title deeds were legally competent as a justification to the defendant only in case he filed the statutory plea of title. In no event were they competent to eke out the plaintiff's proofs by showing constructive possession. The defendant not having tendered a plea of title, the sole legitimate function of the. deeds was gone, and the justice was left without proof of possession within his jurisdictional capacity. Under these circumstances he should have dismissed the case— a result which, in view of the questions arising upon deeds creating dominant and servient estates in land, is more consonant with sound policy and the legislative intent than would be their submission to the court for the trial of small causes.

The Court of Common Pleas should have dismissed these actions.

The judgments rendered below must be reversed, and judgments entered for the defendant.