### THOMAS D. WRIGHT v. JESSE HARRIS.

*Ejectment—Justice of the Peace—Jurisdiction.*

Where, under a will devising all of testator's land to his wife, remainder to his nephew (the plaintiff) in fee, except fifty acres in some suitable place and on certain conditions to defendant, and defendant who was a tenant of the wife, during her life, of 50 acres on which testator had settled him, claims title thereto as being in a suitable place and on conditions performed, an action by plaintiff for possession involves the title to land and is *not* within the jurisdiction of a Justice of the Peace.

CIVIL ACTION, heard before *Hoke, J.*, at November Term, 1894, of PERSON Superior Court, on appeal from a judgment of a Justice of the Peace.

It was admitted in open Court by the parties that J. H. Harris died in the County of Person leaving a last will and testament which contained the following provisions:

"I give and bequeath to my beloved wife, Elizabeth H. Harris, all my estate, both real and personal, during her natural life, and request my nephew, Thomas D. Wright, to remain with and manage for my wife until her death; then I further will that all of the property that is in her possession, coming from and through me, to go to Thos. D. Wright and his heirs.

"However, I request that Jesse and Henry Harris, former slaves of mine, remain with my wife and nephew until the death of my wife, and if they shall remain with them during that time, that they (Jesse and Henry) shall have, at some suitable place, fifty acres of land each."

It was also admitted that testator was seized and possessed, at the time of his death, of a tract of land containing about 1200 acres; that after his death, the defendant rented by the year and cultivated parts of said tract, and paid annually his rent to Mrs. Elizabeth Harris, the widow

of Jas. H. Harris; that since her death he has paid no rents to the plaintiff, but has declined and refused to do so, claiming title to the said 50 acres; that the year of renting expired about October 15th of each year; that Elizabeth Harris died December 22d, 1892; that defendant remained on said land after the death of Jas. H. Harris, and was faithful to his widow.

Upon the foregoing admitted facts and the chain of title set up by the defendant, his Honor rendered judgment as follows:     .

"It is now adjudged, on motion of W. W. Kitchin, attorney for the defendant, that in this action the title to land is in controversy, and that the judgment of the Justice of the Peace be affirmed and the action dismissed at the cost of the plaintiff, to be taxed by the Clerk of this Court."

*Messrs. Shepherd, Manning & Foushee,* for plaintiff (appellant).
*Mr. W. W. Kitchin,* for defendant.

CLARK, J.: The defence pleaded was not a mere claim or bare assertion that the title to real estate was in issue. But upon its face the clause of the will set out as the foundation of the defendant's plea, showed a *bona fide* controversy which involved the title to real estate. *Parker* v. *Allen,* 84 N. C., 466; *Code,* Sec. 836. The defendant had not entered into possession and did not hold under the plaintiff, hence there was no estoppel. On the death of the life tenant, the tenancy under her ceased, if his right then accrued, and the defendant claimed adversely to the plaintiff as owner of an unalloted 50 acres in the tract, and to that extent, as tenant in common with the plaintiff, while the plaintiff claimed that sole seizin of the whole tract had devolved on him at the death of the life tenant, and denied the defendant's claim to the 50 acres. His

Honor properly affirmed the ruling of the Justice of the Peace that the Justice did not have jurisdiction to decide such controversy, and dismissed the action. *Code*, Sec. 837.

.Affirmed.