Under the rules of parliamentary procedure, a motion to reconsider may be made on the same day the original vote is taken or on the next succeeding day. Without multiplying authorities upon the question, it is clear that when the board of education in this case passed the motion to reconsider the vote to confirm the election of the defendant, it did away with the vote to cofirm, and left the matter standing in precisely the same position as if no vote had ever been taken on the motion to confirm. The board should then have taken another vote upon the question, but so far as the authentic record of its action shows, it did not do so. It passed at once to the consideration of Mr. Stratton's application, without again voting on the original question, and without referring the election again to the board of sub-directors. The original motion to confirm the election of the defendant, McFadden, remained undisposed of. This was a failure to confirm and the further action of the board plainly indicated its purpose not to confirm, but to refuse to confirm his election. He was, therefore, not legally elected as teacher of said school, and his subsequent action in taking possession of the schoolhouse and teaching the school was without legal right or authority. On the failure to confirm the election of the defendant, the matter should have been referred to the board of sub-directors upon whom the statute confers the right to elect "another teacher" on the failure of the board of education to confirm the election first made (section 4017); and it became the duty of the board of sub-directors under section 3918 to call a meeting for that purpose. The fact that this would cause some delay in electing a teacher could not affect the right of the board of sub-directors to make a second choice of a teacher, nor confer upon

the board of education the power to take the matter out of the hands of the local board without giving that board a reasonable time to call a meeting and make another election.

In the case of the state of Ohio ex rel. Milton Hunt v. The Board of Education of Wilson Township, 5 Nisi Prius Report, 446, recently decided by this court and commonly referred to as the Blcomington case, the facts were that the local board elected and certified a teacher and the board of education refused to confirm. The board of sub-directors then refused to elect "another teacher", but re-elected and re-certified the same teacher. This, the court held, was not the exercise of the right of a second choice, but a stubborn adherence to the first; and such unwarranted action by the local board, was a failure to elect, and gave the board of education the undoubted right to employ. In the case now before the court, the board of education refused to give the board of local directors an opportunity to elect "another teacher" on the failure to confirm the first election; and in so doing the board of education exceeded its power, ignored the plain statutory right of the local board and its action in electing Mr. Stratton was illegal. In the Bloomington case the board of sub-directors failed to perform its duty, when it refused to elect another teacher—in this case the board of education failed to perform its duty, when it refused to give the local board an opportunity to make a second election. In that case the board of education did right in proceeding to elect, in this case it did wrong. There is no legally elected teacher in sub-district 2, and the injunction against the defendant is made perpetual.

W. H. Hartman, for Plaintiff.

G. C. Barnes and Smith & Savage, for Defendant.

---

(Licking County Common Pleas.)
September Term, 1897.

JAMES SHELL v. WM. A. EVANS et al.

(1). If the plaintiff in an action for damages for breach of covenant in a deed, sets out in his petition the covenant and

its breach, he would be entitled to at least nominal damages without alleging special damages, and therefore, that objection would be of no avail on demurrer.

(2). If the covenantor is not in actual possession, or seized in fact at the time of the conveyance, it is not necessary to allege and prove an eviction by a paramount title, to entitle, the plaintiff to recover.

WICKHAM, J.

This is an action to recover damages for breach of covenant of seizin in a deed of coneyance of real state.

The petition avers that on or about February 12th, the defendants for the consideration of $12,000, paid by the plaintiff, by their deed of that date conveyed to the plaintiff in fee simple certain lands, describing them.

That in said deed of conveyance, the defendants covenanted with the plaintiff, that they were lawfully seized of the premises, following with the usual covenants against incumbrances and general warranty.

That the defendants were not then lawfully seized, or seized at all of the lands described in the deed, amounting to about twenty acres, which is fully described in the petition. That the fee simple thereof was then vested in the state of Ohio, of which fact the plaintiff was then, and for a long time thereafter, or until 1896, ignorant. That by reason of the existence of said outstanding title in the state, the said covenant of seizin was broken at the date of the delivery of said deed, to the damage of the plaintiff, for which he asks judgment.

The defendants have filed a general demurrer to the petition, and the cause was submitted to the court upon the demurrer.

It is contended by counsel for the demurrer that the petition should aver that the plaintiff has been evicted, and further, that the petition does not allege that the plaintiff has been prejudiced.

As to the last objection, I suppose that if the plaintiff sets out in his petition the covenant and its breach, he would be entitled to at least nominal damages without alleging special damages, and therefore, that objection would be of no avail on demurrer.

But it is claimed that the petition should allege an eviction; and the consideration of this question requires an examination of authorities.

The distinction between a covenant of seizin, and a covenant against incumbrances should be kept in mind. The most approved definition of an incumbrance, and the one adopted by our supreme court, in the case of Stambaugh v. Smith, 23 Ohio St., 591, is: "Every right to, or interest in the land, which may subsist in their persons, to the diminution of the value of the land, but consistent with the passing of the fee by the conveyance." Rawle on Covenants of Title, 95.

As examples of incumbrances, may be given:

The right to cut and remove growing trees. A right of dower either inchoate or consummate. A private way. A lease for years. A contract of sale. A right of way for railroad.

It is well settled in Ohio, that a covenant against incumbrances, if an incumbrance exists, is broken as soon as made.

Stambaugh v. Smith, 23 Ohio St., 588.

It will be readily seen from the definition given of an incumbrance, that the title paramount, in the state of Ohio, as averred in the petition, is not an incumbrance, so that the plaintiff must rely, and does rely, for a recovery, upon a breach of covenant of seizin.

Seizin may be one of law, or of fact. And the rule as to whether the petitioner must plead an eviction, in order to recover is, that, if he seizin is one of law, he must prove, and therefore, aver an eviction, and the authorities present an unbroken and uniform line in support of that rule. Backus v. McCoy, 3 Ohio, 211; Robinson v. Neil, 3 Ohio, 525 Foote v. Burnett, 10 Ohio, 317; Devore v. Sunderland, 17 Ohio, 53; Stambaugh v. Smith, 23 Ohio St., 584; G. W. Stock Co. v. Saas, 24 Ohio St., 594; Lane v. Fury, 31 Ohio St., 574; Betz v. Bryan, 39 Ohio St., 320.

In the case of Stambaugh v. Smith, supra, the court say on this subject, at page 588: "In an action upon the

special covenant of seizin, a breach is not sufficiently shown by an averment negativing the legal seizin of the covenantor at the time the covenant was made, but this seizin in fact must also be negatived. There is no averment in this petition that the covenantor was not in fact seized at the time he executed the deed." The court holding that the judgment could not have been predicated on the covenant of seizin.

From an examination of authorities cited, and especially from Betz v. Bryan, supra, I understand the law to be that if the covenantor is not in actual possession, or seized in fact at the time of the conveyance, it is not necessary to allege and prove an eviction by a paramount title, to entitle the plaintiff to recover, for, say the court in Betz v. Bryan, supra: "If the grantor is not in actual possession and is without title, the covenant of seizin is instantly broken, and is a personal right in the covenantee, upon which he may have his action, and the covenant does not run with the land."

To the same effect are Sherwood v. Landon, 57 Mich., 219; Matteson v. Vaughn, 38 Mich., 373.

The language of this petition is "the defendants were not then lawfully seized, or seized at all." This is a denial of seizin in fact, and, under the authorities, the petition states a cause of action against the defendants.

The demurrer may be overruled.

Kibler & Kibler, for Plaintiff.
J. B. Jones, for Defendants.

---

(Franklin County Common Pleas.)
THE STATE OF OHIO v. JOHN ATKINSON.