## PARKINSON *v.* WOULDS.

1. JUSTICES OF THE PEACE—JURISDICTION—TITLE TO LAND—FAILURE TO GIVE BOND—CONSTRUCTIVE ADMISSION.

· 1 Comp. Laws 1897, §§ 782–784, provide that, in every action before a justice of the peace involving title to land, the defendant may give notice under the general issue that title is involved, and shall enter into a bond to plaintiff, at the time of tendering such notice, to pay any judgment that may be rendered against him in the circuit court; and section 786 declares that, if such bond is not given, the justice shall have jurisdiction of the cause, and defendant shall be deemed to have admitted any claim of title made by plaintiff in his declaration, and shall be precluded from all evidence drawing in question the title.  *Held,* that, where plaintiff in an action before a justice of the peace for breach of a covenant of warranty alleged that defendant had no title to the property, de· fendant, by his failure to file a bond, admitted that he had no title, and hence could not deny the allegation.

2. BREACH OF WARRANTY—DAMAGES.

An action for breach of covenant accrues upon the execution of a warranty deed by one having no title, and the grantee, though he gain possession under such deed, may recover the consideration paid by him, with interest.

Error to Livingston; Smith, J.  Submitted October 11, 1900.  Decided December 4, 1900.

*Assumpsit* by Sarah Parkinson against Thomas Woulds for breach of warranty in the sale of real estate.  From a judgment for plaintiff, defendant brings error.  Affirmed.

*Louis E. Howlett,* for appellant.

*B. T. O. Clark* and *William P. Van Winkle,* for appellee.

MONTGOMERY, C. J.  This action was commenced in justice's court.  The plaintiff declared verbally for breach

of warranty deed, and damages accruing therefrom, and later amended the declaration verbally as follows:

"For obtaining money falsely and fraudulently from the plaintiff upon the sale of certain land in the village of Brighton, which land he warranted to defend the title, and when the said defendant had no title whatever, and was not the owner thereof, to said land, and, by reason of said warranty of title as made by the defendant on said representations, he, the said defendant, falsely and fraudulently obtained from said plaintiff, by reason of said false and fraudulent representations and warranty of title to said land, to wit, the sum of forty dollars, and other expenses and trouble that said plaintiff has been put to on account of said false and fraudulent representation so made by said defendant, to her damages one hundred dollars."

The plea was the general issue. On the trial at the circuit the plaintiff offered in evidence the deed from defendant, and testified that she paid defendant $40 on the purchase of the land. The deed contained the usual covenants of warranty, including a covenant that the grantor was, at the date of the deed, seised of the premises in fee simple.

The circuit judge was of the opinion that the case was one involving title to land, and as the declaration had asserted the warranty, and alleged that the defendant had no title whatever, he was bound to give notice that the title to land would come in question, and tender a bond, under section 782 *et seq.*, 1 Comp. Laws 1897, or must be held to have admitted the averments of the declaration as to title, under section 786, which reads as follows:

"If such bond be not delivered and such fees and costs paid as herein directed, the justice shall have jurisdiction of the cause, and shall proceed therein, and the defendant shall be precluded in his defense from all evidence drawing in question the title to lands; and any claim of title to lands made by the plaintiff in his declaration, and therein described, shall be deemed to be admitted by the defendant."

Section 704 also provides that no justice of the peace

shall have cognizance of any action where the title to real estate shall come in question, except as provided in subsequent sections.

The question is, Did the pleadings in this case raise a question as to the title to land? This question seems to have been determined in the affirmative in the early case of *Brooks* v. *Delrymple*, 1 Mich. 145. In that case the declaration averred that the plaintiff was the owner of about 60 acres of land; that defendant fraudulently represented that he had a valid tax title to the 60 acres; that plaintiff, ignorant of the nature of defendant's title, and induced by the threatened loss of his land, paid $85 to defendant for his pretended tax title; that in fact defendant had no just title or claim to the land. The court said:

"An examination of the record shows very conclusively that the title to real estate was involved. The fraud charged upon the defendant below consisted in representing himself as having title to the land described in the declaration. Upon this representation the plaintiff below parted with his property. * * * It was therefore incumbent on the plaintiff on the trial in the court below to show the falsehood of the representation. To do this, he must necessarily have shown that the defendant had in fact no title to the land. It is clear, therefore, that the title of the defendant below to the land in question must have been drawn in question, and the justice of the peace had no jurisdiction of the case."

That case was brought in the circuit, and the court properly held that the plaintiff was bound to prove the averments in his declaration; but the question whether a justice of the peace had jurisdiction of the case was involved, and decided in the negative. This was held as to a declaration the averments in which were substantially the same as in the present case. It follows that on filing this declaration an issue as to title was presented, and defendant, having failed to file the required bond, could not dispute the averments in plaintiff's declaration.

The recovery permitted was the consideration paid, with

interest.   The breach of the covenant occurred when the deed was made.   *Sherwood* v. *Landon*, 57 Mich. 219 (23 N. W. 778).   And this is not affected by the fact that the plaintiff obtained possession.   8 Am. & Eng. Enc. Law (2d Ed.), 90.   On a breach of covenant of seisin, the measure of damages, *prima facie*, is the consideration paid, with interest.

It is contended in this case that the plaintiff's possession had ripened into a title; but the period of the statute of limitations had not run when the suit was brought, and no such issue was presented.

The judgment is affirmed.

The other Justices concurred.