GRAY v. WARD.

MUNICIPAL COURT; JURISDICTION; CASES INVOLVING TITLE TO REAL ESTATE; APPEAL AND ERROR.

1. Where the defense in an action in the municipal court is that the court has no jurisdiction because the title to land is involved, and

the declaration merely states that the defendant is sued for a specified sum according to the particulars of demand annexed, the particulars of demand will be read into the declaration to ascertain the facts upon which the plaintiff relies.

2. If the municipal court has no jurisdiction in a case, the supreme court of the District acquires none by an appeal, and a motion in the latter court by the defendant to dismiss should be granted.  (Citing *Wallace* v. *Degree,* 38 App. D. C. 145.)

3. A suit is not maintainable in the municipal court where the declaration and particulars of demand show that it is an action to recover the amount paid by the plaintiff to the defendant as the price of land, the title to which the defendant had represented to be in the grantors, whereas in fact it was not, as in order to make good his claim it would be necessary for the plaintiff to go into the question of title, whether by way of proving or disproving it, and therefore the question of the title of real estate is involved.  (Construing Sec. 9, D. C. Code (31 Stat. at L. 1191, chap. 854), which provides that the municipal court shall have no jurisdiction to try cases involving the title to real estate.)

No. 2948.   Submitted October 12, 1916.   Decided December 4, 1916.

HEARING on an appeal by the defendant from a judgment of the Supreme Court of the District of Columbia for the plaintiffs, on verdict, in a case appealed to that court from the Municipal Court.                                                   *Reversed.*

The facts are stated in the opinion.

*Mr. Benjamin L. Gaskins* and *Mr. Augustus W. Gray* for the appellant.

*Mr. Wilton J. Lambert* and *Mr. Rudolph H. Yeatman* for the appellees.

Mr. Justice STAFFORD, of the Supreme Court of the District of Columbia, who sat with the Court in the hearing and determination of the appeal in the place of Mr. Chief Justice SHEPARD, delivered the opinion of the Court.

This case was begun in the municipal court of the District of

Columbia. The plaintiffs, Ralph Ward and Horace Ward, filed a declaration in which they stated that the defendant, Augustus W. Gray, was sued for the sum of $350 as per particulars of demand thereto annexed. It thus becomes necessary to look at the particulars of demand in order to ascertain the facts upon which the plaintiffs relied, the declaration itself revealing none of those facts. The particulars of demand stated that the defendant owed the plaintiffs $350 as moneys which had been advanced by the plaintiffs to the defendant for the purchase of a tract of land in Richmond county, Virginia, "the defendant to deliver a good title, and the defendant having failed and refused to deliver such good title." Reading the particulars of demand into the declaration, as we must in order to find any declaration at all, it becomes apparent that the plaintiffs were suing the defendant to recover back the amount which they had paid to him as the price of a piece of land, the title to which he had represented as being in the grantors, whereas in fact it was not. In the municipal court no formal pleas are required, and the plaintiffs were bound to prove their declaration. They recovered a judgment; the defendant appealed to the supreme court of the District of Columbia, and there the case was tried to a jury, the defendant, however, moving to dismiss the case on the ground that the municipal court had been without jurisdiction for that the title to land was involved. The motion to dismiss was overruled, and, the plaintiffs having secured a verdict and judgment, the principal question upon this appeal relates to the correctness of the action of the court below in refusing to dismiss the case. Section 9 of the Code of Laws for the District of Columbia [31 Stat. at L. 1191, chap. 854] declares that the municipal court shall have no jurisdiction to try "cases involving the title to real estate." If the municipal court had no jurisdiction, the supreme court had none by virtue of the appeal, and the motion should have been granted. *Wallace* v. *Degree,* 38 App. D. C. 145, Ann. Cas. 1913C, 118; *Langford* v. *Monteith,* 102 U. S. 145, 26 L. ed. 53. We shall review some of the cases in which similar questions have arisen under statutes more or less like the one now to be construed.

In *Holman* v. *Taylor,* 31 Cal. 338, the plaintiff sought to re-

cover of the defendant one half the cost of a partition fence, alleging that the fence was built on the division line between them.  He had judgment, whereupon the defendant brought certiorari upon the theory that the district court wherein the judgment was rendered was without jurisdiction, and whether it had jurisdiction depended upon a provision of the Constitution of California giving district courts original jurisdiction "in all cases at law which involve the title or possession of real property."  It was there held that the plaintiff, being bound to allege his title or possession of the land on one side of the fence and the defendant's title or possession of the land on the other side, the case was one involving the title or possession of real property, whether the defendant in fact disputed either of those propositions or not.

In *Copertini* v. *Oppermann,* 76 Cal. 181, 18 Pac. 256, the purchaser of land sued to recover back a payment made upon the purchase price, because of an alleged defect in the title of the defendant vendor, and it was held that the title to real property was necessarily involved, inasmuch as the plaintiff, in order to recover, must prove want of title in the vendor.

On the other hand in *Hart* v. *Carnall-Hopkins Co.* 103 Cal. 132, 37 Pac. 196, it was held that title to or possession of land was not necessarily involved in a case in which the plaintiff sought to recover $100 which he had paid to the defendant upon a contract to locate the plaintiff on certain government land, although the complaint, alleged that the defendant had not fulfilled this contract, because it did not appear from the declaration that the plaintiff claimed that there was any defect of title or possession.

*Bates* v. *Ferrier,* 19 Cal. App. 79, 124 Pac. 889, was an action to recover the deposit paid under a contract whereby the defendant had bound himself to convey land free and clear of restrictions, whereas the land was burdened with certain restrictions against building.  That was held to be a case in which the title to land was involved upon the very face of the declaration.

*Brooks* v. *Delrymple,* 1 Mich. 145, was an action in a justice

court to recover against the defendant for falsely representing himself to be the owner of a piece of land, and thereby inducing the plaintiff to purchase the same of him. It was held that the title to land was necessarily involved, and consequently that the justice had no jurisdiction.

When a justice is without jurisdiction to try a case in which the question of title is raised by the defendant's plea and affidavit, it has been held that the fact that the plea and affidavit are informal will be overlooked, if they are sufficient to inform the justice that the title is involved. *State* v. *Haley*, 52 Mo. App. 520.

A very instructive case is *Messler* v. *Fleming*, 41 N. J. L. 108. That was an action to recover one quarter's rent due on an underlease executed to the plaintiff by the defendant, in which the plaintiff had judgment before a justice of the peace notwithstanding the fact that the defendant had offered in evidence documents tending to show a conveyance from the plaintiff lessor to a third person which would have defeated the plaintiff's right to recover. It appears that under the Small Causes Act the justice would have had authority to proceed if a question of possession only had been involved, but that he had no right to proceed if the case involved an inquiry into the title itself. The court said, quoting from an earlier case: "The justice may try the fact of possession. This is the proper limit of his jurisdiction. He cannot ordinarily inquire into any matter of title to lands involving the execution, validity, or construction of deeds, mortgages, wills, judgments, or decrees. They very frequently call for the deepest learning of the law. By title and claim, then, our legislators must have intended to distinguish between such title as a possession alone gives, and title by documents, or other matters conferring title independent of a present possession, such as consanguinity, descent, endowment, and curtesy."

In the case then before the court it was held that the justice should have dismissed the suit for want of jurisdiction. See also *State, Ely, Prosecutor,* v. *Schanck*, 52 N. J. L. 119, 18 Atl. 692.

In *Wright* v. *Harris,* 116 N. C. 460, 21 S. E. 693, the justice had taken jurisdiction and rendered judgment upon the case: The plaintiff claimed to recover rent of some 50 acres of land on which the defendant resided. The defendant claimed the right to reside there under a clause in the will of J. H. Harris, under which will the plaintiff also claimed. The defendant's right to occupy free of rent thus depended upon the construction of the will, and the appellate court adjudged that the title to land was in controversy and that the action should be dismissed.

In *Martin* v. *Richmond,* 108 Va. 765, 62 S. E. 800, it appeared that the justice had taken jurisdiction of a case charging the defendant with digging up a street or sidewalk of the city. The justice had jurisdiction by virtue of the city ordinance provided the *locus in quo* was a street or sidewalk, but inasmuch as the defendant asserted by way of defense that the *locus* was not in the street or sidewalk, but a part of property of which the fee simple title rested in him, it was held that the jurisdiction of the justice of the peace was ousted by the defendant's bona fide claim of title.

In *Legum* v. *Blank,* 105 Md. 126, 65 Atl. 1071, the plaintiff alleged that he had purchased of the defendants two leasehold properties subject to an original ground rent, and upon condition that if said ground rents should prove to be not original rents the plaintiff should be at liberty to declare the contract void, in which case a $25 deposit should be returned to him. He further alleged that said ground rents were not original rents, but subground rents, that he had notified defendants that he would not accept title, and had demanded his deposit, which the defendants had refused to pay. The question was whether the justice of the peace before whom the action was brought had jurisdiction in view of the provision of the Code that justices of the peace should not have jurisdiction in cases where the title to land was involved; and it was held that the title to land was involved and that the justice had no jurisdiction. The opinion contains a careful review of the previous decisions in Maryland, and references to the decisions in California, which are

shown to be to the same effect, and to one decision in Vermont, *Jakeway* v. *Barrett,* 38 Vt. 316, hereafter mentioned.

*Whittington* v. *Hall,* 116 Md. 467, 82 Atl. 163, was an action to recover the value of 2,027 feet of timber at so much per foot. It was brought before a justice of the peace, who could not take cognizance of cases for cutting, drawing, or carrying away timber provided the defendant claimed title to the land and so alleged in writing and under oath. The plaintiff had bought the standing timber from the former owner, and it was the subsequent owner of the land who had cut and removed the timber in violation of the plaintiff's right. The court held that title to land was really not involved, the sale of the timber to the plaintiff, although uncut, being a sale of goods only. In some respects the case is much like that of *Jakeway* v. *Barrett,* 38 Vt. 316, where the action was brought for certain stacks of hay removed from the land, in which it was held that the title to land was not involved, because that question was to be determined by the declaration, and not by the fact, that the defendant may have claimed that the hay belonged to him by virtue of his ownership of the land; whereas in *Heath* v. *Robinson,* 75 Vt. 133, 53 Atl. 995, the action, although for cutting and removing the timber, was *trespass quare clausum,* which, on the face of it, did involve the title to land, the growing trees being a part thereof.

*Dano* v. *Sessions,* 63 Vt. 405, 21 Atl. 922, was deceit in the sale of land, the seller having fraudulently represented that within the specified metes and bounds there were 160 acres, whereas there were but 20. It was held that the title to land was not involved, as it was not necessary for the plaintiff to go into the question of title at all.

*French* v. *Holt,* 57 Vt. 187, was a case for leaving open a gate in the fence bounding the plaintiff's land, whereby the plaintiff's own cattle were let into the plaintiff's field and destroyed his crops. The title to land was concerned, inasmuch as the plaintiff would be put to proof of title, at least a possessory title, in order to make out his declaration. *Haven* v. *Needham,* 20 Vt. 183, was case for overflowing the plaintiff's land by an

embankment which the defendants had built into the stream on their own land. The title, at least the possessory title, to the land claimed to have been damaged, was involved, and the justice had no jurisdiction. So, too, in an action for nuisance for injuring the plaintiff in the occupation of his real estate, it was held that the justice had no jurisdiction, as the interest of the plaintiff in real estate was necessarily in issue. *Whitney* v. *Bowen,* 11 Vt. 250.

Of course, an action of covenant for a breach of the warranty of seisin involves the title to land. *Hastings* v. *Webber,* 2 Vt. 407. So an action on the covenant of warranty. *Birks* v. *Russell,* 1 Mo. App. 335.

Leaving out of view those states in which the justice may be ousted of his jurisdiction by some action of the defendant which puts the title to real estate in issue, it seems to be the fair result of the decisions that the question of jurisdiction under statutes like our own is to be determined by the declaration, and whenever it is necessary for the plaintiff, in order to make good his declaration, to go into the question of title, whether by way of proving it or disproving it, the title to land is involved, and the justice has no jurisdiction. When this test is applied to the present case, it is evident that the title to land was necessarily involved. As the court below instructed the jury, it was impossible for the plaintiff to recover if he did receive a good title by way of the deed in question.

Judgment reversed with costs and cause remanded with instructions to dismiss the same.