# CHARLESTON.

## WATSON *v.* WATSON.

### Submitted June 9, 1898—Decided November 23, 1898.

1. RES ADJUDICATA—*Bill in Equity—Jurisdiction.*

   A bill in equity dismissed generally, without any reservation to the plaintiff to sue thereafter, is conclusive between the parties, and those claiming under them, of all the issues made up in the cause, even though there was no jurisdiction in equity because of adequate remedy at law. (p. 295).

2. UNLAWFUL ENTRY AND DETAINER—*Title—Justice of the Peace—Affidavit.*

   On the trial of a warrant issued by a justice in unlawful detainer, if answer of title is filed by the defendant setting forth therein the facts showing that such title will come in question on the trial thereof, which answer shall be properly verified by his affidavit or that of his agent or attorney, if the justice be of opinion that the facts therein stated show that the title to real property will so come in question he shall dismiss the action at the costs of the plaintiff, unless the plaintiff or his agent or attorney shall file an affidavit denying the truth of such facts. (p 296).

3. UNLAWFUL ENTRY AND DETAINER—*Title—Justice of the Peace—Appeal—Dismissal.*

   If an appeal to be taken from the judgment of a justice in such case to the circuit court, and if there appears by answer filed that the title to the property will come in question, it will be the duty of the court to dismiss the action. (p. 296).

4. EQUITY JURISDICTION.

   When a court of equity takes jurisdiction of a cause for one purpose, it will go on and dispose of the questions involved to avoid a multiplicity of suits. (p. 295).

Error to Circuit Court, Barbour County.

Action by William E. Watson, executor of Thomas F. Watson, against J. C. Watson. From a judgment dismissing the action, plaintiff brings error.

*Affirmed.*

JOHN J. DAVIS, and W. T. ICE, for plaintiff in error.

SAMUEL V. WOODS, for defendant in error.

ENGLISH, JUDGE:

This was an action of unlawful entry and detainer, brought by William E. Watson, executor of Thomas F. Watson, deceased, against J. C. Watson, before a justice of the peace of Barbour County, on the 23d of November, 1896. The parties appeared, and the defendant filed his answer denying that he unlawfully detained the premises mentioned, or that any damages had been sustained by the plaintiff by reason thereof or otherwise; also claiming that in the trial of said action the title to the premises described in the warrant would come in question, and for that reason the justice had no jurisdiction thereof. In his answer the defendant also set out the following facts tending to show that the title would come in question, to wit: That in the year 1894, when the land in question was bought and conveyed to plaintiff's testator, the same was bought by him for defendant, who was his relative; that defendant was placed by him in possession thereof, which he had since held under said purchase; that testator was a wealthy man, who had reared defendant, was unmarried, and about the time of said purchase defendant had come to West Virginia from his home in Kansas to take possession of said land under a parol gift to defendant of same; that testator gave the land to defendant, and under the gift he took possession of it as his own, used it, paid the taxes thereon, and is in undisturbed possession of it, save by this suit and a chancery suit then pending in the circuit court of Barbour County styled "Wm. E. Watson, Ex'r, *v.* J. Creed Watson," which was made part of said answer and defense; that of all these facts the plaintiff, by himself and his agent, had full and complete notice, and had had from the date of said purchase by testator and the conveyance to him by Worthington Ward by deed dated March 13, 1894, of the land in controversy.

The defendant also tendered a special plea in writing, which was rejected by the justice, and, all the evidence having been heard, judgment was rendered for the plaintiff for the possession of the land described in the summons, and twenty dollars damages and costs. From this judgment the defendant appealed to the circuit court. When said appeal was called in the circuit court, the appellant tendered a plea in writing, marked "No. 1," to which the appellee objected and moved the court to reject same, which motion was overruled, and said plea allowed to be filed, and the appellee excepted. This plea claimed that the plaintiff ought not to maintain said action because on July 14, 1896, said William E. Watson, executor, etc., instituted a suit in chancery in the circuit court of Barbour County against the appellant in which he alleged, among other things, that at the time of the death of his testator he was the owner of said land, called the "Worth Ward Farm;" that soon after the same was conveyed to him he placed appellant in possession thereof as his tenant, until about April 6, 1896, when plaintiff and defendant entered into a written contract under which defendant surrendered the said farm, and the plaintiff by his agent, took possession thereof; that in June, 1896, plaintiff learned that defendant was on said farm claiming its possesion, and was about to cut grass, etc., and otherwise control the same; charging that defendant was insolvent, and if he cut the grass and pastured the land it would work plaintiff irreparable damage; praying an injunction to restrain defendant from the acts and claims aforesaid, and for general relief,—which injunction was awarded and made effective on July 14, 1896. To this bill defendant demurred and answered putting in issue every material allegation of the bill, and claimed that he was in possession, and had so continued, of said land since the execution of the deed therefor to Thomas F. Watson on March 13, 1894, and that he was entitled to its possession; also averring that the title to T. F. Watson was not such as passed to the executor, a title in fee, and that his title thereto was disputed by respondent, and that said decedent did not in terms nor by implication undertake to devise said land to the plaintiff or with intention to vest him with the title thereto; further aver-

ring that respondent was the owner of said farm which was
purchased by said Watson for him; that defendant was put
in immediate possession, and the title to said land was
vested in trust only in the said decedent, who supposed the
title was in respondent,—to which answer the plaintiff re-
plied generally.   Such proceedings were had that the in-
junction was dissolved, the bill dismissed at the costs of
plaintiff, as shown by exhibits filed with said plea, and
the defendant said that the parties to said suit in chancery,
and the parties to this action of unlawful detainer, are the
same persons, suing in the same rights, touching the same
subject-matter, to wit, the right to possession of said land;
and, the same having been adjudicated in said chancery
cause, the plaintiff is estopped thereby to prosecute this
action brought on the 18th of November, 1897.   On No-
vember, 2, 1897, the defendant filed his answer of title, and
gave notice that upon trial of the action he would read the
depositions of V. Goff and others, filed in the clerk's office
to be read in his behalf.   On March 2, 1898, the plaintiff
moved the court to strike out defendant's special plea, and
also to reject his answer of title filed before the justice and
his supplemental answer filed in open court, which motion
the court overruled.   The plaintiff excepted and replied
generally to said plea, and issue was joined thereon.   The
defendant pleaded not guilty, and issue was joined there-
on.   On the same day the cause was submitted to the court
in lieu of a jury, and the court having heard and considered
all the evidence adduced, found for the defendant upon the
plea of *res adjudicata*, and also found for the defendant
upon the evidence adduced upon the general issue, and dis-
missed the plaintiff's action with costs.   The plaintiff took
several bills of exceptions to the rulings of the court, and
obtained this writ of error.

The question presented for our consideration and deter-
mination in this case is whether the defendant at the date
of the summons unlawfully withheld from the plaintiff the
possession of the premises in controversy.   Defendant, by
his pleadings, claims that this question is *res adjudicata;*
that it has already been heard and determined by a court
of competent jurisdiction, in a suit between the same par-
ties and in regard to the same subject-matter, and exhibits

with his plea the record and proceedings in a chancery suit which was instituted and prosecuted to a termination in Barbour County, in which said William E. Watson, execu- tor of the last will and testament of Thomas F. Watson, was plaintiff, and J. Creed Watson defendant; and it ap- pears that in the bill filed in said cause the plaintiff claimed that the defendant was wrongfully in possession of a por- tion of said land, and that it was his intention to take abso- lute control of said farm in possession of the plaintiff, and to cut the grass and pasture the land; that his title as exe- cutor of said T. F. Watson was undisputed, and he prayed for an injunction restraining the defendant from cutting the grass, etc., or interfering with the stock then on said land by consent of the plaintiff,—which injunction was granted. The defendant answered and put in issue every allegation of the bill as to title or possession of said land, and such proceedings were had in the cause that the in- junction so obtained was dissolved and the bill dismissed, with costs. Now, this bill certainly claimed that the plain- tiff was entitled to the possession, and that the defendant was trespassing on the premises, and was insolvent; and plaintiff obtained his injunction on these allegations. What was the effect of the dismissal of the bill and dissolu- tion of the injunction?

In the case of *Schoonover* v. *Bright*, 24 W. Va., 698, this Court held that: "(1) An injunction will be dissolved on the hearing, if the answer fully, plainly, and positively de- nies all the material allegations of the bill on which the in- junction was founded, and there is no proof to establish said allegations. (2) To warrant the interference of a court of law to restrain a trespass two conditions must co- exist: First, the plaintiff's title must be undisputed or established by legal adjudication; and, second, the injury complained of must be irreparable in its nature." In the above chancery suits as we have seen, every material alle- gation of the bill was denied, and we must also infer that there was no proof to support said allegations; secondly, it appears that the plaintiff's title was disputed, and nothing was brought forward to properly establish it. The bill asserted the right of the plaintiff to possession of the pro- perty, and there was a prayer for general relief, and while

equity will not, as a rule, determine disputes in regard to the possession of real estate, yet it has been held that where a court of equity has jurisdiction for one purpose, it will go on and give relief between the parties upon proper allegations. So, in the case of *Chrislip* v. *Teter*, 43 W. Va., 356, (27 S. E. 288), this Court held that, "when a court of equity takes jurisdiction of a cause for one purpose, it will go on and dispose of the questions involved to avoid a multiplicity of suits." See, also, *Hanly* v. *Watterson*, 39 W. Va., 214 (19 S. E. 536); *Western M. & M. Co.* v. *Virginia Cannel Coal Co.*, 10 W. Va., 250, syllabus. As we have said, the plaintiff claimed in his bill to be entitled to the possession, and that the defendant was trespassing thereon. The answer denied this allegation. This pleading made an issue upon the question as to the right to the possession. What, then, is the effect of the dismissal of the bill? In *Taylor* v. *Yarborough*, 13 Grat., 133 the Virginia Court of Appeals held that: "A bill in equity dismissed generally, without any reservation to the plaintiff to sue thereafter, is conclusive between the parties and those claiming under them of all the issues made up in the cause." See, also, *Durant* v. *Essex Co.*, 7 Wall., 107, in which it is held that "a decree dismissing a bill in an equity suit in the circuit court of the United States which is absolute in its terms, unless made upon some ground which does not go to the merits, is a final determination of the controversy, and constitutes a bar to any further litigation of the same subject between the same parties." The same principle is announced in the case of *Carberry* v. *Railroad Co.*, 44 W. Va., 260, (28 S. E. 694). The fourth point of syllabus holds that "a decree on full hearing dismissing a bill generally, without reservation of right to the plaintiff to sue at law, is conclusive upon all the matters involved in the case, even though there was no jurisdiction in equity because of adequate remedy at law. Unless it otherwise appear from the decree, it will be taken that the dismissal was on a hearing of the merits." Upon this point see, also, *Wandling* v. *Straw*, 25 W. Va., 692, and *McCoy* v. *McCoy*, 29 W. Va., 794, (2 S. E. 809). Now, it is earnestly contended by counsel for the plaintiff in error that the court below erred in not sustaining his motion to reject

plea No. 1, tendered by defendant in error, which raises the question of *res adjudicata.* This plea included as exhibits the bill, answer, and exhibits in said chancery suit, the latter being considered part of the bill, and the decree dissolving the injunction and dismissing the bill, and I think that the right of the plaintiff in that suit to the land in controversy was involved in that suit. The exhibits mentioned in said plea were used in the suit in support of the right of possession, and they, having been before the court had already been passed upon in the chancery cause. In view of the authorities above cited, and for the reasons before stated, I conclude that the circuit court did not err in overruling the motion to reject plea No. 1, and the plea of *res adjudicata* should have been and was, properly sustained.

There is another ground upon which I believe the circuit court was right in dismissing the plaintiff's action. The suit was instituted before the justice and appealed to the circuit court, an answer of title was filed before the justice, and a supplemental answer of title was filed after the case came on the docket in the circuit court. Neither the plaintiff nor his agent or attorney filed an affidavit denying the truth of such facts, either before the justice or in the circuit court,—which state of facts made it the duty of the justice to dismiss the action, and he not doing so, it was the duty of the circuit court on appeal to have dismissed the action when such fact was brought to its attention by the supplemental answer of title. This was held in the case of *Hughes* v. *Mount,* 23 W. Va., 130, which was a warrant of unlawful detainer issued by a justice. Answer of title was filed which was replied to by affidavit of the plaintiff, and the warrant was dismissed by the justice. On appeal to the circuit court the action of the justice was approved, and from that decision a writ of error was obtained, and the case brought to this Court, which held that: ''If in such a case the justice has so dismissed such warrant, and an appeal to be taken from his judgment to the circuit court, and the same state of facts appear to the satisfaction of such court, either by the defendant's answer or upon the trial of such warrant upon such appeal, it is the duty of such court to dismiss the

said warrant for want of such jurisdiction, without prejudice to the plaintiff's right to institute any other action at law or suit in equity which may be necessary or proper to determine his right to the land in the warrant mentioned." In the case under consideration the justice found for the plaintiff, but when the case came to the circuit court, and it appeared that the title to the land was brought in question, it was the duty of that court under the above decision to have dismissed the case. For these reasons, the judgment complained of is affirmed with costs and damages.

*Affirmed.*