Syllabus.

# Richmond.

## Simmons v. City of Norfolk.

February 25, 1926.

1. Police Justices—*Fee in Criminal Cases—Section 3507 of the Code of 1919—Case at Bar.*—In the instant case, an action by the police justice of the city of Norfolk to recover from the city fees for the trial and preliminary examinations of persons charged with violation of State statutes and city ordinances, from January 1, 1922, to June 17, 1922. Plaintiff insisted that under a proper construction of section 3507 of the Code of 1919, as amended by Acts of 1920, page 804 (Code of 1924, section 3507), the legislature displayed its intent to forbid the payment of the fees of a police justice out of the State treasury, but, by inference, directed that such fees should be paid by the city for which he was police justice.

   *Held:* That even if this construction of this statute was correct, which is doubtful, the payment of the trial and other fees claimed was forbidden by section 3311 of the Code of 1919.

2. Police Justices—*Fees—Sections 3507, 3511 of the Code of 1924—Pari Materia.*—Sections 3507, 3511 of the Code of 1924, occur in the same chapter of the Code, are in *pari materia,* and should be construed together. So construed they at least forbid the police justices to claim fees as part of their compensation, certainly since 1920, when they are paid any compensation by the city.

3. Justices of the Peace—*City of Over 45,000 Inhabitants—Trial Justices—Police Justices—Judges of Juvenile Courts—Fees.*—Looking at the entire legislation relative to police justices and civil justices in cities having over 45,000 inhabitants, and trial justices under section 4988 of the Code of 1919, it is clear that the statutes were intended to prevent the payment of fees to police justices, civil justices and the judges of juvenile courts, so that what compensation this class of justices should receive should come from the city and be fixed by the city council.

4. Police Justices—*Fees—Acts of 1922, Page 534, Amending Section 3507 of the Code of 1919 (Code of 1924, Section 3507).*—Section 3507 of the Code of 1919, was further amended in 1922 (Acts of 1922, page 534), but the effect of that amendment is not involved in the instant case, an action for fees in criminal cases by the police justice of the city of Norfolk against the city.

5. Police Justices—*Police Justice of the City of Norfolk—Fees.*—For the year 1922 the city council of Norfolk passed an ordinance which provides the total compensation of $6,000.00 for the police justice for that year.   This ordinance manifestly comes within the language of "salary or allowance for general service" occurring in section 3511 of the Code of 1919, thus it specifically appears that a salary or allowance was provided for by the city of Norfolk during the year 1922 for the police justice, and therefore he should not recover fees for any services in criminal cases from the city.

6. Police Justices—*Fees—Whether Trials of Violations of City Ordinances Are Criminal or Civil Proceedings—Case at Bar.*—In the instant case, an action by the police justice of the city of Norfolk for fees for the trial of violations of State statutes and city ordinances, it was argued for plaintiff that he was entitled to trial fees in cases involving violations of city ordinances because the fees accrued not in criminal cases but in civil matters.

*Held:*   That there was no force in this argument because violations of city ordinances are offenses to be punished by criminal proceedings, in so far as the police justice is concerned; and moreover, if such proceedings are not criminal proceedings, then the police justice would have no jurisdiction at all.

Error to a judgment of the Law and Chancery Court of the city of Norfolk, in a proceeding by motion for a judgment for money.   Judgment for defendant.   Plaintiff assigns error.

*Affirmed.*

The opinion states the case.

*A. S. Hester*, for the plaintiff in error.

*Robert D. Yancey*, for defendant in error.

Campbell, J., delivered the opinion of the court.

By an act of the legislature, approved February 7, 1918, there was provided for the city of Norfolk an entirely new charter, covering all the details relative to the government of that city.   Acts of 1918, pages 31 to 94.

Section 11 of that act requires the city council to elect, among other officers, a police justice for a term of four years.

In the spring of 1919 the plaintiff in error, Bruce Simmons, became the police justice for the term ending December 31, 1922. In April, 1923, Mr. Simmons instituted proceedings by notice of motion for judgment against the city of Norfolk to recover the sum of $8,-047.00 "the same being due to me from you in accordance with the statutes in such cases made and provided." The accounts filed with the notice of motion show that the plaintiff claimed that he was entitled to recover from the city fees which had accrued from January 1, 1922, to June 17, 1922, for the trial and preliminary examination of persons charged with violations of State statutes, and that he was also entitled to recover trial fees accruing during the year 1922, for the trial of persons charged with violations of the ordinances of the city of Norfolk.

Section 3507 of the Code of 1919, as amended in 1920 (Acts 1920, page 804), fixes the fees to be paid to justices of the peace in general and then further provides as follows: "The said fees shall be in full for all services rendered in each case by a justice, but shall not be allowed or paid by the Auditor of Public Accounts without a certificate of the judge of the court, allowing the account, that he has actually examined the papers upon which the account is founded and is satisfied that the warrant was issued and trial had or examination made. The police justice * * of a city shall not be entitled to receive out of the State treasury the fees provided in this section, but every police justice shall be paid by the city for which he is police justice."

The defendant city demurred to the notice of

motion and the trial court sustained the demurrer; whereupon, the plaintiff brought this writ of error.

It is insisted in argument on behalf of the plaintiff here that under a proper construction of the language of the statute just above referred to, the legislature displayed its intent to forbid the payment of the fees of a police justice out of the State treasury, but, by inference, directed that such fees should be paid by the city for which he was police justice.

We doubt very much whether this construction of the statute can be sustained. It would rather seem, considering also chapter 123 and chapter 124 of the Code relative to police justices and civil justices in general, that the legislature intended to place upon the cities the burden of paying police justices for their services and that police justices should not receive any fees from any source, unless directed in terms by the ordinances of the city to be paid to them.

It must be remembered that the police justice and the civil justice of our cities are judicial officers of some dignity, although necessarily classed under the Constitution of the State as justices of the peace. They preside over permanent courts, sitting practically daily.

[1] But whether or not the construction placed upon the language of the statute by the plaintiff is correct, we think it perfectly clear that the payment of trial fees and other fees claimed by him is forbidden by section 3511 of the Code. This section provides: "No justice, constable, sergeant, captain or sergeant of police who receives a salary or allowance for general service out of the treasury of his county, city or corporation shall receive any fees for services in a criminal case from the State, city, or county, but all such fees to said officers shall be paid by the party against whom judgment is rendered."

Conceding the position taken on behalf of the plaintiff in error that section 3507 relative to the payment of fees to justices of the peace applies to police justices, except in so far as they are specially excluded, then certainly this provision of section 3511 would likewise apply to police justices.

[2] These two sections occur in the same chapter of the Code, are in *pari materia*, and should be construed together. So construed they at least forbid the police justices to claim fees as part of their compensation, certainly since 1920, when they are paid any compensation by the city.

[3] Looking at the entire legislation relative to police justices and civil justices in cities having over 45,000 inhabitants, and trial justices under section 4988 of the Code, we think it clear that the statutes were intended to prevent the payment of fees to police justices, civil justices and the judges of juvenile courts, so that what compensation this class of justices should receive should come from the city and be fixed by the city council.

If, since the enactment of section 3511 and the amendment of section 3507 in 1920, administrative officers of municipal corporations have been acting otherwise, we think this was under a mistaken theory.

[4] Section 3507 was further amended in 1922, but the effect of that amendment is not involved here. As to whether or not a salary or allowance for general service was allowed the police justice by the city of Norfolk for the year 1922; we think this was manifestly done. It seems that up to that year the police justice had been paid a salary of $4,500.00 and we take it from what is said in the record of this case that he had been likewise allowed to receive fees in some manner.

[5] For the year 1922, the city council of Norfolk passed an ordinance which provides the total compensation of $6,000.00 for the police justice for that year. The ordinance states in effect that whereas the police justice in addition to the salary of $4,500.00 was receiving additional compensation in fees, that he should render a monthly account to the city of the fees collected by him and that he should be allowed the sum of $500.00 a month for his services, and if the monthly portion of the $4,500.00 salary and the fees collected by him exceed $500.00, he should account to the city of Norfolk for the difference; if the amount were less than $500.00, the city of Norfolk should nevertheless pay him $500.00 a month.

This ordinance manifestly comes within the language of "salary or allowance for general service" occurring in the statute. We are of opinion that it specifically appears that a salary or allowance was provided for by the city of Norfolk during the year 1922, for the police justice, and, therefore, he should not recover fees for any services in criminal cases from the city.

[6] As above stated, it is further insisted on behalf of the plaintiff in error that he is entitled to be paid trial fees in all cases involving violations of city ordinances tried before him.

It is argued on behalf of the plaintiff in error that these trial fees accrued, not in criminal cases, but in civil matters because they involved the recovery of fines fixed by the ordinances of the city and, in as much as a fine may be recovered by an action of debt or other civil proceeding, it is not a criminal proceeding.

There are two complete answers to this.

Sections 3094 and 3987 of the Code confer jurisdiction upon police justices generally. In the first mentioned section it is provided as follows:

"* * * and within such limits shall have exclusive original jurisdiction for the trial of all offenses against the ordinances of the respective cities for which they shall be elected, * * *."

Our statutes unquestionably regard violations of city ordinances as offenses to be punished by a criminal proceeding, insofar as the police justice is concerned. In the case of *City of Richmond* v. *Sutherland*, 114 Va. 688, 77 S. E. 470, the court very plainly regarded the violations of city ordinances as criminal offenses, and the prosecution therefor as within the *criminal* jurisdiction conferred upon police justices.

Further, if the proceeding is to be viewed, not as a criminal proceeding for the punishment of the violator of the ordinances, but merely as a civil proceeding to collect a fine, then the police justice would have no jurisdiction at all because all civil jurisdiction is vested entirely in the civil justice and not in the police justice, from whom all such jurisdiction of civil matters formerly vested in him have been taken away by the statutes and transferred to the civil justice.

In our opinion the trial court was clearly right in sustaining the demurrer and the judgment of the lower court is, therefore, affirmed.

*Affirmed.*