## CIRCUIT COURT OF FAIRFAX COUNTY

Mary E. Berryman

v.

Globe Life Ins. Co.

November 21, 1990

Case No. (Law) 96700

By JUDGE THOMAS S. KENNY

This cause is before the Court upon the defendant's demurrer and the plaintiff's motion to strike that demurrer. Oral argument was heard by this Court on October 26, 1990. The issue presented at that time was whether a first party insured may claim punitive damages as a result of the insurer's bad faith refusal to settle the plaintiff's claim. This does not appear to be a viable theory of recovery under Virginia law.

The pertinent facts in this case reveal that the plaintiff, Mary Berryman, purchased an automobile in 1984 and subsequently obtained insurance from the defendant, Globe Life Insurance Company, which guaranteed payment of her car loan in the event that she became "totally disabled." In April of 1985, Berryman developed chronic bronchitis and was compelled to curtail her employment. After submitting a claim form to Globe Life, the plaintiff's physician was contacted and asked to fill out some additional forms to further document the disability claim. Plaintiff has alleged that these latter forms were deceptively crafted so that the defendant could refuse the claim. The facts are that the defendant initially denied the claim and did not settle until June of 1987. There is no doubt that Ms. Berryman suffered as a result of the delay in payment: her car was repossessed, and the bank which held the car

loan obtained a deficiency judgment against her. What this Court is called on to determine is whether the facts, as pleaded, will allow the plaintiff to recover punitive damages.

Generally, the measure of damages which can be recovered in an action based on a contract is limited to the actual pecuniary loss sustained. *Wright v. Everett*, 197 Va. 608 (1956). As the Court noted in *Wright*, there are only a few situations which will allow for deviation from the rule:

> According to the overwhelming weight of authority, exemplary damages are not recoverable in actions for breach of contract, although there are dicta and intimations in some of the cases to the contrary. This rule does not obtain, however, in those exceptional cases where the breach amount to an independent willful tort, in which event exemplary damages may be recovered under proper allegations of malice, wantonness, or oppression . . . .

*Id.* at 615.

This rule is further constrained by the Court's decision in *Kamlar Corp. v. Haley*, 224 Va. 699 (1983), where it was determined that the presence of some ulterior motive on the part of the breaching party is not sufficient to justify the award of punitive damages. In *dicta* the *Kamlar* Court further urged other courts to resist the tendency "to turn every breach of contract into a tort." *Id.* at 706.

There is no Virginia authority which directly addresses the issue of punitive damages in the context of a first-party claim where the insurer has exhibited bad faith in refusing to settle a claim. However, the Court in *Aetna Cas. & Sur. Co. v. Price*, 206 Va. 749 (1966), has held that an insurer will be liable for a judgment in excess of policy limits where a third party's claim has not been settled because of the insurer's bad faith. Although the Court indicated that the award of damages over the established policy amount was related to the breach of the duty of good faith owed to an insured, this is more in

keeping with allowing consequential damages in contract cases rather than an attempt to punish the insurer.

In the absence of any specific case authority in Virginia, this court will rely on the opinion of the Fourth Circuit Court of Appeals in *A & E Supply Co. v. Nationwide Mut. Fire Ins. Co.*, 798 F.2d 669 (4th Cir. 1986). There the court recognized that punitive damages for breach of contract actions are sometimes appropriate but not where the breach is only inspired by bad motives. *Id.* at 676. The clear rule of law which can be extracted from *A & E Supply* and which this court adopts is "in a first-party Virginia insurance relationship, liability for bad faith conduct is a matter of contract rather than tort law. The obligation arises from the agreement and extends only to situations connected with the agreement." *Ibid.*

As the court in *A & E Supply* has noted, Virginia law will permit the recovery of foreseeable consequential damages in excess of policy limits in the event of a bad faith breach by the insurer. *Id.* at 677. A recognition of these foreseeable damages will insure, at least to some degree, that the insurance carrier will not "postpone satisfaction in hopes of pressuring the insured to accept a fraction of his due" and alleviates the need for punitive damages to force companies to comply with their duty of good faith.

A final rationale for excluding the recovery of punitive damages in the face of an insurer's bad faith is the notable absence of any legislative authority for such an award. At the time the *A & E Supply* opinion was decided in 1986, Virginia had enacted the Unfair Insurance Practices Act which provided for a system of administrative oversight with appellate judicial review to police the insurance industry. The court in *A & E Supply* held that neither the Act nor general principles of law authorized the recovery of punitive damages for bad faith. Va. Code Section 38.2-500 *et seq.*

Since 1986, the General Assembly has altered the Unfair Practices Act and has specifically amended § 38.2-510 which calls for good faith settlement of claims. It is a fundamental rule of statutory construction that "in making the amendment [to a statute], the legislature acted with full knowledge of, and in reference to, the existing law upon the same subject and the construction placed

upon it by the courts." *Richmond v. Sutherland*, 114 Va. 688 (1913). Clearly then, the legislature had the opportunity to create a private right of action or express a right under the contract and chose not to with full knowledge of the *A & E Supply* decision.[1] This court will not authorize a recovery of damages which the General Assembly has tacitly refused to permit.

For the foregoing reasons, the defendant's demurrer is sustained as to those portions of the plaintiff's Motion for Judgment which pray for punitive damages related to the defendant's bad faith.

---

[1] It is also worth noting that the A & E decision and its progeny represent the whole of the annotations to Section 38.2-510.